Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

**CV 08     3463**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

**SPATT, J.**

-------------------------------------------------------X

JOSE HERNANDEZ REYES and
JOSE ARDUVIDE, on their own behalf
and on the behalf of others similarly situated.

**LINDSAY, M.J.**

                    Plaintiff,

**CLASS ACTION COMPLAINT**

          -against-

JURY TRIAL
DEMANDED

SINGH HOSPITALITY GROUP INC,
S.R.B. CONVENTION & CATERING
CORPORATION, THE WOODLANDS
AT THE GREEN and HARENDRA SINGH,
an individual

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★   AUG 2 2008   ★

                    Defendants.

BROOKLYN OFFICE

_____X

1.  Plaintiff, JOSE HERNANDEZ REYES and JOSE ARDUVIDE, on behalf of
    their putative class,  (hereinafter referred to as "Plaintiffs"), by their attorneys
    at Helen F. Dalton & Associates, PC, allege, upon personal knowledge as to
    themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2.  Plaintiff, JOSE HERNANDEZ REYES through undersigned counsel, brings
    this action against SINGH HOSPITALITY GROUP, S.R.B. CONVENTION
    & CATERING CORP, THE WOODLANDS AT THE GREEN and
    HARENDRA SINGH an individual and (collectively, "Defendants"), to
    recover damages for egregious violations of federal and state minimum wage

and overtime laws arising out of Plaintiff's employment at the SINGH HOSPITALITY GROUP, IN SMITHTOWN AND WOODBURY, NY.

3. Plaintiff Jose Hernandez Reyes was employed by Defendants to work at Singh Hospitality Group INC., from approximately March 1st, 2002 until his employment was terminated on or about June 3rd, 2008. Although Plaintiff Jose Hernandez Reyes worked approximately SIXTY NINE (69) hours or more per week during the period of March 1st 2002 through June 3rd 2008. Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Although Plaintiff Jose Hernandez Reyes worked approximately sixty nine (69) hours or more per week during the period of March 1st of 2002 through June 3rd 2008. Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

5. Plaintiff, JOSE ARDUVIDE through undersigned counsel, brings this action against SINGH HOSPITALITY GROUP, S.R.B. CONVENTION & CATERING CORP, THE WOODLANDS AT THE GREEN and HARENDRA SINGH an individual and (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the SINGH HOSPITALITY GROUP, IN SMITHTOWN AND WOODBURY, NY 12207.

6. Plaintiff Jose Arduvide was employed by Defendants to work at Singh Hospitality Group INC., from approximately April 1st 2006 until his employment was terminated on or about February 1st, 2008. Although Plaintiff Jose Arduvide worked approximately ONE HUNDRED AND SIX (106) hours or more per week during the period of April 1st 2006 through February 1st 2008. Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions

contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

7. Plaintiff Jose Arduvide was employed by Defendants at Singh Hospitality Group INC from approximately April 1st 2006 until his employment was terminated on February 1st 2008. Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

8. Although Plaintiff Jose Arduvide worked approximately one hundred and six (106) hours or more per week during the period of April 1st 2006 through February 1st 2008. Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

9. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

14. Plaintiff, JOSE HERNANDEZ REYES, resides 294 Maple Avenue, Union Dale, NY 115533 in Nassau County, New York and was employed by

3

Defendants **Singh Hospitality Group** in Smithtown and Woodbury, NY from on or about March 1st, 2002 until June 3rd, 2008.

15. Upon information and belief, Defendants, Singh Hospitality Group is a corporation organized under the laws of New York with a principal executive office at 80 State Street, Albany, NY 12207.

16. Upon information and belief, Defendants, Singh Hospitality Group is a corporation authorized to do business under the laws of New York.

17. Upon information and belief, Defendant HARENDRA SINGH, owns and/or operates Singh Hospitality Group that does business under the name "Singh Hospitality Group" in Smithtown and Woodbury, NY.

18. Upon information and belief, Defendant Harendra Singh, is the Chairman of the Board of Singh Hospitality Group.

19. Upon information and belief, Defendant Harendra Singh is the Chief Executive Officer of Singh Hospitality Group.

20. Upon information and belief, Defendant Harendra Singh, is an agent of Singh Hospitality Group.

21. Upon information and belief, Defendant Harendra Singh, has power over personnel decisions.

22. Upon information and belief, Defendant Harendra Singh, has power over payroll decisions.

23. Defendant Harendra Singh has the power to hire and fire employees at Singh Hospitality Group establish and pay their wages, set their work schedule, and maintains their employment records.

24. During relevant times, Defendant Harendra Singh, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

25. On information and belief, Singh Hospitality Group is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have

been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

26. Plaintiff, JOSE HERNANDEZ REYES, resides 294 Maple Avenue, Union Dale, NY 115533 in Nassau County, New York and was employed by Defendants Singh Hospitality Group in Smithtown and Woodbury, NY from on or about March 1st, 2002 until June 3rd, 2008.

27. Upon information and belief, Defendants, **S.R.B Convention & Catering Corp** is a corporation organized under the laws of New York with a principal executive office at 821 West Jericho Turnpike, Suite 334, Smithtown, NY 11787.

28. Upon information and belief, Defendants, S.R.B Convention & Catering Corporation is a corporation authorized to do business under the laws of New York.

29. Upon information and belief, Defendant Harendra Singh, owns and/or operates S.R.B Convention & Catering Corporation that does business under the name "S.R.B Convention & Catering Corporation" at 821 West Jericho Turnpike, Suite 334, Smithtown, NY 11787.

30. Upon information and belief, Defendant Harendra Singh, is the Chairman of the Board of S.R.B Convention & Catering Corporation.

31. Upon information and belief, Defendant Harendra Singh, is the Chief Executive Officer of S.R.B Convention & Catering Corporation.

32. Upon information and belief, Defendant Harendra Singh, is an agent of S.R.B Convention & Catering Corporation.

33. Upon information and belief, Defendant Harendra Singh, has power over personnel decisions.

34. Upon information and belief, Defendant Harendra Singh, has power over payroll decisions.

35. Defendant Harendra Singh has the power to hire and fire employees at S.R.B Convention & Catering Corporation establish and pay their wages, set their work schedule, and maintains their employment records.

5

36. During relevant times, Defendant Harendra Singh, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

37. On information and belief, S.R.B Convention & Catering Corporation is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

38. Upon information and belief, Defendants, **The Woodlands at the Green** is a corporation organized under the laws of New York with a principal executive office at 1 Southwoods Road, Unit 1, Woodbury, NY 11797.

39. Upon information and belief, Defendants, The Woodlands at the Green is a corporation authorized to do business under the laws of New York.

40. Upon information and belief, Defendant Harendra Singh, owns and/or operates The Woodlands at the Green that does business under the name "The Woodlands" at 1 Southwoods Road, Unit 1, Woodbury, NY 11797..

41. Upon information and belief, Defendant Harendra Singh, is the Chairman of the Board of The Woodlands at the Green.

42. Upon information and belief, Defendant Harendra Singh, is the Chief Executive Officer of The Woodlands at the Green.

43. Upon information and belief, Defendant Harendra Singh, is an agent of The Woodlands at the Green.

44. Upon information and belief, Defendant Harendra Singh, has power over personnel decisions.

45. Upon information and belief, Defendant Harendra Singh, has power over payroll decisions.

46. Defendant Harendra Singh has the power to hire and fire employees at The Woodlands at the Green establish and pay their wages, set their work schedule, and maintains their employment records.

47. During relevant times, Defendant Harendra Singh, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

48. On information and belief, The Woodlands is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

49. Plaintiff, JOSE ARDUVIDE, resides 17 Oak Drive, Syosset, in Nassau County, New York and was employed by Defendants at **Singh Hospitality Group** in Smithtown and Woodbury, NY from on or about April 1st, 2006 until February 1st, 2008.

50. Upon information and belief, Defendants, Singh Hospitality Group is a corporation organized under the laws of New York with a principal executive office at 80 State Street, Albany, NY 12207.

51. Upon information and belief, Defendants, Singh Hospitality Group is a corporation authorized to do business under the laws of New York.

52. Upon information and belief, Defendant Harendra Singh, owns and/or operates Singh Hospitality Group that does business under the name "Singh Hospitality Group" in Smithtown and Woodbury, NY.

53. Upon information and belief, Defendant Harendra Singh, is the Chairman of the Board of Singh Hospitality Group.

54. Upon information and belief, Defendant Harendra Singh, is the Chief Executive Officer of Singh Hospitality Group.

55. Upon information and belief, Defendant Harendra Singh, is an agent of Singh Hospitality Group.

56. Upon information and belief, Defendant Harendra Singh, has power over personnel decisions.

57. Upon information and belief, Defendant Harendra Singh, has power over payroll decisions.

58. Defendant Harendra Singh has the power to hire and fire employees at Singh Hospitality Group establish and pay their wages, set their work schedule, and maintains their employment records.

59. During relevant times, Defendant Harendra Singh, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

60. On information and belief, Singh Hospitality Group is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

61. Plaintiff, JOSE ARDUVIDE, resides 17 Oak Drive, Syosset, in Nassau County, New York and was employed by Defendants at **S.R.B. Convention & Catering Corporation**, 821 West Jericho Turnpike, Suite 334, Smithtown, NY 11787 from on or about April 1st, 2006 until February 1st, 2008.

62. Upon information and belief, Defendants, S.R.B Convention & Catering Corporation is a corporation organized under the laws of New York with a principal executive office at 821 West Jericho Turnpike, Suite 334, Smithtown, NY 11787.

63. Upon information and belief, Defendants, S.R.B Convention & Catering Corporation is a corporation authorized to do business under the laws of New York.

64. Upon information and belief, Defendant Harendra Singh, owns and/or operates S.R.B Convention & Catering Corporation that does business under the name "S.R.B Convention & Catering Corporation" at 821 West Jericho Turnpike, Suite 334, Smithtown, NY 11787    .

65. Upon information and belief, Defendant Harendra Singh, is the Chairman of the Board of S.R.B Convention & Catering Corporation.

66. Upon information and belief, Defendant Harendra Singh, is the Chief Executive Officer of S.R.B Convention & Catering Corporation.

67. Upon information and belief, Defendant Harendra Singh, is an agent of S.R.B Convention & Catering Corporation.

68. Upon information and belief, Defendant Harendra Singh, has power over personnel decisions.

69. Upon information and belief, Defendant Harendra Singh, has power over payroll decisions.

70. Defendant Harendra Singh has the power to hire and fire employees at S.R.B Convention & Catering Corporation establish and pay their wages, set their work schedule, and maintains their employment records.

71. During relevant times, Defendant Harendra Singh, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

72. On information and belief, S.R.B Convention & Catering Corporation is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

73. Plaintiff, JOSE ARDUVIDE, resides 17 Oak Drive, Syosset, in Queens County, New York and was employed by Defendants at **The Woodlands at the Green**, 1 Southwoods Road, Unit 1, Woodbury, NY 11797 from on or about April 1st, 2006 until February 1st, 2008.

74. Upon information and belief, Defendants, The Woodlands at the Green is a corporation organized under the laws of New York with a principal executive office 1 Southwoods Road, Unit 1, Woodbury, NY 11797.

75. Upon information and belief, Defendants, The Woodlands at the Green is a corporation authorized to do business under the laws of New York.

76. Upon information and belief, Defendant HARENDRA SINGH, owns and/or operates The Woodlands at the Green that does business under the name "The Woodlands" at 1 Southwoods Road, Unit 1, Woodbury, NY 11797.

77. Upon information and belief, Defendant Harendra Singh, is the Chairman of the Board of The Woodlands at the Green.

78. Upon information and belief, Defendant Harendra Singh, is the Chief Executive Officer of The Woodlands at the Green.

79. Upon information and belief, Defendant Harendra Singh, is an agent of The Woodlands at the Green.

80. Upon information and belief, Defendant Harendra Singh, has power over personnel decisions.

81. Upon information and belief, Defendant Harendra Singh, has power over payroll decisions.

82. Defendant Harendra Singh has the power to hire and a fire employee at The Woodlands at the Green establish and pay their wages, set their work schedule, and maintains their employment records.

83. During relevant times, Defendant Harendra Singh, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

84. On information and belief, The Woodlands is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

## CLASS ALLEGATIONS

85. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules and under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

86. This action is brought on behalf of Plaintiffs and a class consisting of each and every other person who performed work for Defendants other than the executive and management positions.

87. the putative class is so numerous that joinder of all members is impracticable.

88. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

89. The claims of Plaintiffs are typical of the claims of the putative class.

90. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

91. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## STATEMENT OF FACTS

92. Plaintiff, JOSE HERNANDEZ REYES, was employed by Defendants at the **Singh Hospitality Group** in Smithtown and Woodbury, New York, between approximately March 1st, 2002 through June 3rd, 2008.

93. During his employment by Defendants at Singh Hospitality Group Plaintiff's primary duties was to prepare food and to perform other miscellaneous duties as directed by supervisors and managers.

94. Defendants usually created work schedule, requiring Plaintiff Jose Hernandez Reyes to work well more than forty (40) hours per week.

95. Plaintiff, Jose Hernandez Reyes was employed by Defendants to work at Singh Hospitality Group located in Smithtown and Woodbury, NY. Although Plaintiff worked approximately sixty - nine (69) hours or more per week during the period of March 1st, 2002 through June 3rd, of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

96. In fact, the schedule created by Defendants required Plaintiff to work approximately SIXTY- NINE (69) hours or more per week.

97. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

98. During many or all weeks in which Plaintiff Jose Hernandez Reyes was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

99. Defendants did not pay Plaintiff Jose Hernandez Reyes for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

100. At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

101. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6.00, $6.75, and $7.15 an hour.

102. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

103. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

104. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

105. Plaintiff, Jose Hernandez Reyes, was employed by Defendants at the **S.R.B Convention & Catering Corporation** in Smithtown, New York, between approximately March 1st, 2002 through June 3rd, 2008.

106. During his employment by Defendants at **S.R.B Convention & Catering Corporation,** Plaintiff's primary duties were to prepare food and to perform other miscellaneous duties as directed by supervisors and managers.

107. Defendants usually created work schedule, requiring Plaintiff Jose Hernandez Reyes to work well more than forty (40) hours per week.

108. Plaintiff, Jose Hernandez Reyes was employed by Defendants to work at S.R.B. Convention & Catering Corporation located at 821 West Jericho Turnpike, Suite 334, Smithtown, NY 11787.   Although Plaintiff worked

approximately sixty - nine (69) hours or more per week during the period of March 1st, 2002 through June 3rd, of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

109.    In fact, the schedule created by Defendants required Plaintiff to work approximately SIXTY- NINE (69) hours or more per week.

110.    At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

111.    During many or all weeks in which Plaintiff, Jose Hernandez Reyes was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

112.    Defendants did not pay Plaintiff Jose Hernandez Reyes for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

113.    At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

114.    At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6.00, $6.75, and $7.15 an hour.

115.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

116.    Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

117.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

118.   Plaintiff, JOSE HERNANDEZ REYES, was employed by Defendants at the **The Woodlands at the Green** in Woodbury, New York, between approximately March 1st, 2002 through June 3rd, 2008.

119.   During his employment by Defendants at **The Woodlands at the Green,** Plaintiff's primary duties was to prepare food and to perform other miscellaneous duties as directed by supervisors and managers.

120.   Defendants usually created work schedule, requiring Plaintiff Jose Hernandez Reyes to work well more than forty (40) hours per week.

121.   Plaintiff, Jose Hernandez Reyes was employed by Defendants to work at The Woodlands located at 1 Southwoods Road, Unit 1, Woodbury, NY 11797.  Although Plaintiff worked approximately sixty - nine (69) hours or more per week during the period of March 1st, 2002 through June 3rd, of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

122.   In fact, the schedule created by Defendants required Plaintiff to work approximately SIXTY- NINE (69) hours or more per week.

123.   At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

124.   During many or all weeks in which Plaintiff Jose Hernandez Reyes was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

125.   Defendants did not pay Plaintiff Jose Hernandez Reyes for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

126.   At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

127.   At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6.00, $6.75, and $7.15 an hour.

128.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

129.   Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

130.   Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

131.   Plaintiff, **JOSE ARDUVIDE**, was employed by Defendants at the **Singh Hospitality Group** in Smithtown and Woodbury, New York, between approximately April 1st, 2006 through February 1st, 2008.

132.   During his employment by Defendants at Singh Hospitality Group Plaintiff's primary duties were to prepare food and to perform other miscellaneous duties as directed by supervisors and managers.

133.   Defendants usually created work schedule, requiring Plaintiff Jose Arduvide to work well more than forty (40) hours per week.

134.   Plaintiff, Jose Arduvide was employed by Defendants to work at Singh Hospitality Group located in Smithtown and Woodbury NY.  Although Plaintiff worked approximately one hundred and six (106) hours or more per week during the period of April 1st, 2006 through February 1st, of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

135.   In fact, the schedule created by Defendants required Plaintiff to work approximately ONE HUNDRED AND SIX (106) hours or more per week.

136.   Despite the long hours that Plaintiff Jose Arduvide worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from April 1st, 2006 to February 1st, 2008.

137.   At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

138.   During many or all weeks in which Plaintiff Jose Arduvide was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

139.   Defendants did not pay Plaintiff Jose Arduvide for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

140.   At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

141.   At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6.00, $6.75, and $7.15 an hour.

142.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

143.   Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

144.   Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

145.   Plaintiff, Jose Arduvide, was employed by Defendants at the **S.R.B. Convention & Catering Corporation** in Smithtown, New York, between approximately April 1st, 2006 through February 1st, 2008.

146.   During his employment by Defendants at S.R.B. Convention & Catering Corporation primary duties was to prepare food and to perform other miscellaneous duties as directed by supervisors and managers.

147.   Defendants usually created work schedule, requiring Plaintiff Jose Arduvide to work well more than forty (40) hours per week.

148. Plaintiff, Jose Arduvide was employed by Defendants to work at S.R.B. Convention & Catering Corporation located at 821 West Jericho Turnpike, Suite 334, Smithtown, NY 11787. Although Plaintiff worked approximately one- hundred and six (106) hours or more per week during the period of April 1st, 2006 through February 1st, of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

149. In fact, the schedule created by Defendants required Plaintiff to work approximately ONE HUNDRED AND SIX (106) hours or more per week.

150. Despite the long hours that Plaintiff Jose Arduvide worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from April 1st, 2006 to February 1st, 2008.

151. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

152. During many or all weeks in which Plaintiff Jose Arduvide was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

153. Defendants did not pay Plaintiff Jose Arduvide for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

154. At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

155. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6.00, $6.75, and $7.15 an hour.

156. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

157.   Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

158.   Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

159.   Plaintiff, Jose Arduvide, was employed by Defendants at the **The Woodlands at the Green** in Woodbury, New York, between approximately April 1st, 2006 through February 1st, 2008.

160.   During his employment by Defendants at The Woodlands at the Green, his primary duties were to prepare food and to perform other miscellaneous duties as directed by supervisors and managers.

161.   Defendants usually created work schedule, requiring Plaintiff Jose Arduvide to work well more than forty (40) hours per week.

162.   Plaintiff, Jose Arduvide was employed by Defendants to work at The Woodlands at the Green located at 1 Southwoods Road, Unit 1, Woodbury, NY 11797. Although Plaintiff worked approximately one- hundred and six (106) hours or more per week during the period of April 1st, 2006 through February 1st, of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

163.   In fact, the schedule created by Defendants required Plaintiff to work approximately ONE HUNDRED AND SIX (106) hours or more per week.

164.   Despite the long hours that Plaintiff Jose Arduvide worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from April 1st, 2006 to February 1st, 2008.

165.   At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

166.   During many or all weeks in which Plaintiff Jose Arduvide was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

167.   Defendants did not pay Plaintiff Jose Arduvide for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

168.   At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

169.   At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6.00, $6.75, and $7.15 an hour.

170.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

171.   Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

172.   Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

## **FIRST CAUSE OF ACTION**

### **Minimum Wages Under The Fair Labor Standards Act**

173.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

174.   Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

175.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

176.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

177.    Defendants willfully failed to pay Plaintiff(s) minimum wage in accordance with 29 U.S.C . §§201, 202 and 203.

178.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

179.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

180.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

181.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

182.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

183.    Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

184.    Defendants also failed to pay Plaintiffs the required minimum wage, the minimum wage rate to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N. Y. C. R. R. 137-1.3.

185.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to one-quarter of their unpaid minimum

wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## THIRD CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

186.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

187.   Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

188.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

189.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206 (a) and 207(a).

190.   Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

191.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith to comply with the FLSA with respect to their compensation of Plaintiffs.

192.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

## FOURTH CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

193.　Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

194.　At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

195.　Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

196.　Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

197.　Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

198.　Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

199.　Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained here in to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiffs unpaid minimum wages, overtime wages and spread of hours;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.


Dated: This 11th day of August 2008,

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

23